## United States District Court
## Central District of California

**Defendant originally appeared before the Hon. Nora M. Manella and was sentenced on 9/17/2001 [172]**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA vs. | | Docket No. | CR 00-1025-JFW |
| Defendant | Donte Toyron McFarland [18900-112] | Social Security No. | Unknown (Last 4 digits) |
| akas: | Pee Wee | | |

After considering the moving, opposing, reply, and supplemental papers, and the arguments therein, the Court Grants Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Filed 9/28/23; Docket No. 483]

| | |
|---|---|
| **COUNSEL** | Phillip Deitch, CJA (original counsel) and current counsel Samuel Josephs, Retained |
| **PLEA** | X GUILTY, as to Counts 4 & 5    X NOT GUILTY as to Counts 1, 2, & 3 |
| **FINDING** | There being a finding as to Counts 4 and 5 and a Jury Verdict of GUILTY as to Counts 1, 2, and 3, the defendant has been convicted as charged of the offenses of: Conspiracy in violation of 18 U.S.C. § 371 [Count 1]; Armed Bank Robbery in violation of 18 U.S.C. § 2113(a)(d) [Count 2]; Use or Carrying of Firearm During Crime of Violence in violation of 18 U.S.C. § 924(c) [Count 3]; Armed Bank Robbery in violation of 18 U.S.C. § 2113(a)(d) [Count 4]; Use or Carrying of Firearm During Crime of Violence in violation of 18 U.S.C. § 924(c) [Count 5] as charged in the Five-Count Indictment filed on October 6, 2000 |
| **AMENDED Judgment & Commitment Order** | **Defendant Donte Toyron McFarland's original sentence of 494 months' imprisonment is reduced to 278 months' imprisonment as follows:** |

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 278 months. This term consists of 60 months on Count 1, 110 months on Counts 2 and 4, all three terms to be served concurrently to each other; 84 months on Count 3, to be served consecutively to the terms on Counts 1, 2, and 4; 84 months on Count 5, to be served consecutively to the terms on Counts 1, 2, 3, and 4.

Upon release from imprisonment defendant shall be placed on supervised release for a term of 5 years. This term consists of 3 years on Counts 1 and 3, and 5 years on Counts 2, 4, and 5, all terms to be served concurrently with each other under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04.

2. Participate in outpatient substance abuse treatment & submit to drug & alcohol testing, as instructed by the Probation Officer. Defendant shall abstain from using illicit drugs, using alcohol & abusing prescription medications during the period of supervision.

| USA vs. Donte Toyron McFarland [18900-112] | Docket No.: CR 00-1025-JFW |
|---|---|

3. Defendant shall notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the restitution or special assessment.

4. During the period of community supervision defendant shall pay the special assessment & restitution in accordance with this judgment's orders pertaining to such payments.

Defendant is ordered to pay a special assessment of $500.00, which is due immediately.

It is ordered that defendant shall pay restitution in the total amount of **$100,975.00**, pursuant to 18 USC 366A.

The amount of restitution ordered shall be paid as follows:

- Los Padres Bank, 610 Alamo Pintado Road, Solvang, CA 93463, in the amount of **$100,975.00**.

Restitution shall be due during the period of imprisonment, as directed by the Court or the U.S. Attorney, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of $100.00, shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered. Defendant and each of the convicted co-defendants will be held jointly & severally liable for the total amount of restitution.

Pursuant to Section 5E1.2(e) of the Guidelines all fines are waived as it is found that defendant does not have the ability to pay a fine in addition to restitution.

**In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.**

Originally filed 9/17/2001
by Hon. Nora M. Manella
**Amended December 21, 2023**
Date

U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

Originally filed 9/17/2001
**Amended December 21, 2023**
Filed Date

By Deputy Clerk

| USA vs. **Donte Toyron McFarland [18900-112]** | Docket No.: **CR 00-1025-JFW** |
|---|---|

**The defendant must comply with the standard conditions that have been adopted by this court (set forth below).**

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

**While the defendant is on probation or supervised release pursuant to this judgment:**

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | |
|---|---|
| USA vs. **Donte Toyron McFarland [18900-112]** | Docket No.: **CR 00-1025-JFW** |

**X**  **The defendant must also comply with the following special conditions (set forth below).**

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

**United States District Court, Central District of California**
**Attn: Fiscal Department**
**255 East Temple Street, Room 1178**
**Los Angeles, CA 90012**

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

**Payments will be applied in the following order:**

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
     Non-federal victims (individual and corporate),
     Providers of compensation to non-federal victims,
     The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

**I have executed the within Judgment and Commitment as follows:**

**Defendant delivered on** _____ **to** _____
**Defendant noted on appeal on** _____
**Defendant released on** _____
**Mandate issued on** _____
**Defendant's appeal determined on** _____
**Defendant delivered on** _____ **to** _____
   **at** _____
**the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.**

**United States Marshal**

_____   **By** _____
**Date**                      **Deputy Marshal**

## CERTIFICATE

**I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.**

**Clerk, U.S. District Court**

_____   **By** _____
**Filed Date**                **Deputy Clerk**

## FOR U.S. PROBATION OFFICE USE ONLY

**Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

   **These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____   _____
         **Defendant**                    **Date**

_____                _____
**U. S. Probation Officer/Designated Witness**   **Date**